IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IFEDOO NOBLE ENIGWE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, THE UNITED COURT OF APPEALS FOR THE THIRD CIRCUIT | : | NO. 05-3751 |

### ORDER AND MEMORANDUM

### ORDER

**AND NOW**, this 5th day of October, 2006, upon consideration of petitioner's pro se Motion for Reconsideration Pursuant to Rule 59(e), Fed. Civ. Pro. (Doc. No. 3, filed Sept. 15, 2006), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that the Motion for Reconsideration is **DENIED**.

### MEMORANDUM

### I. INTRODUCTION

On May 6, 1992, petitioner was charged in a four-count indictment with importing and trafficking in heroin. He was convicted by a jury on all four counts on August 12, 1992, and, on August 13, 1993, this Court sentenced him to inter alia, 235 months imprisonment and five years of supervised release. The subsequent procedural history of petitioner's case is summarized in the Court's Order dated September 5, 2006. As described in that Order, this Court and the Court of Appeals have reviewed petitioner's sentence on the merits, on direct appeal, on habeas review, and in other contexts, and have concluded each time that there are absolutely no errors in the sentence.

On July 20, 2005, petitioner filed a pro se Request for Injunction and Declaratory Relief Pursuant to Title 28 U.S.C. §§ 2201, 2202, and 1331 (Doc. No. 1, filed July 20, 2005). In his Request petitioner sought to enjoin this Court, and the Court of Appeals, from applying Federal Rule of Criminal Procedure 35(a), as amended by Congress in 1984, and effective November 1, 1987.[1] Petitioner specifically asked the Court to declare the pre-1987 version of Federal Rule of Criminal Procedure 35(a) "a valid avenue to be used to correct illegal sentences at any time." Request at 3 (emphasis omitted). The Court denied petitioner's request in the Order dated September 5, 2006. Petitioner has now filed a Motion for Reconsideration. For the reasons set forth below, petitioner's Motion for Reconsideration is denied.

## II. DISCUSSION

Three situations justify granting a motion for reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence not available when the court dismissed the prior petition; or (3) the need to correct a clear error of law or fact or to prevent "manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Dimensional Music Publ., LLC v. Kersey, 2006 U.S. Dist. LEXIS 47488, 2006 WL 1983189, *1 (July 12, 2006). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F.

---

[1] Federal Rule of Criminal Procedure 35(a) states: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The rule applicable to offenses committed prior to November 1, 1987 states: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."
    The court notes that the offenses of conviction occurred after November 1, 1987. See, e.g., United States v. Enigwe, 1992 WL 382325, *3 (E.D. Pa. Dec. 9, 1992) (summarizing the evidence produced at trial).

Supp. 937, 943 (E.D. Pa. 1995); see also Porter v. NationsCredit Consumer Discount Co., 2006 U.S. Dist. LEXIS 41947, 2006 WL 1737544, *2 (E.D. Pa. June 22, 2006).

Petitioner's Motion for Reconsideration is based on the need to correct errors of law and to prevent injustice. Petitioner argues that the Court incorrectly concluded that Congress has the power to amend the Federal Rules of Criminal Procedure so as to limit the jurisdiction of the federal district courts to correct erroneous sentences "at any time." Alternatively, petitioner argues that the Court erred in denying his Request because Congress has not clearly stated that the amended version of Federal Rule of Criminal Procedure 35(a) supplanted the pre-amendment version. Motion for Reconsideration at 2.

Petitioner's arguments in support of his assertion that this Court, in its September 5, 2006 Order, made errors of law are little more than restatements of the arguments previously made in petitioner's Request. Specifically, petitioner's Motion for Reconsideration restates arguments previously raised by the Request for Injunction and Declaratory Relief Pursuant to Title 28 U.S.C. §§ 2201, 2202, and 1331. "A motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court." Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp.2d 394, 398 (E.D. Pa. 2002).

The arguments advanced in petitioner's Motion are not a basis for reconsidering the Court's Order of September 5, 2006. Accordingly, petitioner's Motion for Reconsideration is denied.

                                                      **BY THE COURT:**

                                      **/s/ Honorable Jan E. DuBois**

                                      **JAN E. DUBOIS, J.**